IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| HERMAN R. CORLEY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:15-CV-165-MHT |
| | ) | [WO] |
| PRENTISS GRIFFITH DETENTION | ) | |
| CENTER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Plaintiff, a state inmate currently incarcerated at the Russell County Jail in Phenix City, Alabama. Pending before the court is Plaintiff's request for a preliminary injunction. He seeks to enjoin Defendants from continuing to house him at the Russell County Jail because the Alabama Department of Corrections has issued a transport order for his return to a state facility. Plaintiff maintains Defendant Steve Johnson is deliberately precluding his transfer to state custody where he would have access to a more well-equipped law library than is available at the jail in order to potentially impact his ability to litigate cases he has pending in state court. Upon review, the court concludes that the motion for preliminary injunction is due to be denied.

**II. STANDARD OF REVIEW**

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court...." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if Plaintiff demonstrates each of the following prerequisites:

(1) a substantial likelihood of success on the merits; (2) irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest.  *Id*.; *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998); *Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352, 1354-55 (11th Cir. 1983).  "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion"" as to the four requisites."  *McDonald's*, 147 F.3d at 1306; *All Care Nursing Service, Inc. v. Bethesda Mem'l Hosp. Inc*., 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A*., 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion).  The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements.  *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").  " 'The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.' "  *Suntrust Bank v. Houghton Mifflin Co*., 268 F.3d 1257, 1265 (11th Cir. 2001) (quoting *Northeastern  Fla. Chapter of Associated Gen. Contractors of America v. City of Jacksonville,* 896 F.2d 1283, 1284 (11th  Cir. 1990).

Turning to the first prerequisite for issuance of preliminary injunctive relief, the court finds that Plaintiff has failed to demonstrate a substantial likelihood of success on the merits of

his claim. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976) (prisoners do not have a constitutional right to remain in or be transferred to a penal institution of their own choosing; *see also Lewis v. Casey*, 518 U.S. 343, 351-52 (1996) (holding that actual injury is required to state a claim for denial of access to the courts).[1] Plaintiff likewise fails to establish a substantial threat that he will suffer the requisite irreparable injury absent issuance of a preliminary injunction. The third factor, balancing potential harm to the parties, weighs more heavily in favor of Defendants as issuance of the requested injunction would adversely impact the ability of jail and/or state correctional officials to effectively manage those inmates confined in their facility. Finally, the public interest element of the equation is, at best, a neutral factor at this juncture. Thus, Plaintiff has failed to meet his burden of demonstrating the existence of each prerequisite necessary to warrant issuance of a preliminary injunction. Preliminary injunctive relief is not warranted.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for preliminary injunction (*Doc. No. 1 at Attachment 3*) be DENIED.

2. This case be referred to the undersigned for additional proceedings.

It is further

ORDERED that on or before April 20, 2015, Plaintiff may file an objection to the Recommendation. Any objection must specifically identify the findings in the Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by

---

[1] Regarding Plaintiff's claim that he has an "absolute right to research and help his appointed counsel" with respect to criminal charges pending against him, the preparation for such proceedings is the responsibility of Plaintiff's attorney regardless of any additional legal work in which Plaintiff wishes to engage. While Plaintiff may wish to take a more active role in his pending criminal proceeding, this is insufficient to demonstrate a lack of access to the courts.

the District Court. Plaintiff is further advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings in the Recommendation shall bar a party from a *de novo* determination by the District Court of issues addressed in the Recommendation and shall bar a party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

Done this the 6th day of April, 2015.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE