IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| HERMAN R. CORLEY, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:15-CV-165-MHT |
| ) | [WO] |
| PRENTISS GRIFFITH DETENTION ) | |
| CENTER, *et al*., ) | |
| ) | |
| Defendants. ) | |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff is an inmate incarcerated at the Kilby Correctional Facility in Mt. Meigs, Alabama. While incarcerated at the Prentiss Griffith Detention Center in Phenix City, Alabama, he filed this captioned action in the Circuit Court for Russell County, Alabama. Defendants filed notice of removal on March 16, 2015, under 28 U.S.C. § 1441 and 28 U.S.C. § 1367.

Plaintiff files this complaint alleging that rights, privileges, or immunities afforded him under the Constitution or laws of the United States and state law were abridged due to the conduct and actions of Defendants during his incarceration at the county detention facility. Plaintiff names as one of the defendants the Prentiss Griffith Detention Center. Also pending is Plaintiff's motion to amend to name the Russell County Commission as a defendant. Upon consideration of the motion, it is

ORDERED that the motion (*Doc. No. 9*) is GRANTED.

Upon review of the complaint, and amendments thereto, the court concludes that Plaintiff's claims against the Russell County Commission and the Prentiss Griffith Detention

Center should be dismissed prior to service of process under the directives of 28 U.S.C. § 1915(A).[1]

## I. DISCUSSION

*A. The Prentiss Griffith Detention Center*

The Prentiss Griffith Detention Center is not a legal entity and, therefore, is not subject to suit or liability under § 1983.  *See Dean v. Barber*, 951 F.2d 1210, 1214-1215 (11th Cir. 1992) (holding that Alabama sheriffs' departments and police departments are not legal entities subject to suit or liability under § 1983). In light of the foregoing, the court concludes that Plaintiff's claims against this defendant should be dismissed.  *Id*.

*B. The Russell County Commission*

Plaintiff names the Russell County Commission as a defendant. He alleges that the Commission has the duty of maintaining the county jail and has a duty to inspect and order needed repairs.  *Doc. No. 9*. County commissions, however, cannot be held liable for actions undertaken during the daily operation of a county jail.  *Turquitt v. Jefferson County, Alabama*, 137 F.3d 1285, 1289 (11th Cir. 1998).  A county commission is a representative of the county, and the county may not be held liable for constitutional violations that occurred at the county jail because the operation of county jails is the sheriff's responsibility and falls under state control.

---

[1] 28 U.S.C. 1915(A) provides:
>  (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>>
>> (2) seeks monetary relief from a defendant who is immune from such relief.

*Id*. Moreover, county commissioners are entitled to absolute immunity under § 1983 for claims arising from the appropriation of funds for the maintenance of a county jail. *Woods v. Garner*, 132 F.3d 1417, 1420 (11th Cir. 1998) ("The budgetary decisions made by defendants for funding the county--including the jail--are legislative acts protected by legislative immunity."). Thus, Plaintiff's claims against the Russell County Commission are due to be dismissed.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Plaintiff's claims against the Prentiss Griffith Detention Center and the Russell County Commission be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915(A)(b)(1);

2.  The Prentiss Griffith Detention Center and the Russell County Commission be DISMISSED as defendants to this cause of action; and

3. This case regarding Plaintiff's claims against the remaining defendants be referred to the undersigned for further proceedings.

It is further

ORDERED that **on or before July 13, 2015**, the parties may file an objection to the Recommendation.  Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on

appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this the 29th day of June, 2015.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE