IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| HERMAN R. CORLEY, JR., #201 605, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | CIVIL ACTION NO. 3:15-CV-165-CSC |
| ) | [WO] |
| SHERIFF HEATH TAYLOR, *et al*., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**[1]

This *pro se* 42 U.S.C. § 1983 action was removed to his court on March 16, 2015. Plaintiff's complaint challenged conditions of his confinement during his incarceration at the Russell County Jail. On March 23, 2015, the court entered an order of procedure directing Defendants to file an answer and written report to Plaintiff's complaint. Doc. 2. That order also instructed Plaintiff to immediately inform the court and Defendants of any new address and cautioned him that failure to comply with this requirement would result in the dismissal of this case. *Id*. at 5, ¶8(h).

It recently came to the court's attention Plaintiff is no longer at the last address he provided for service. The court entered an order on January 31, 2017, requiring Plaintiff to show cause why his complaint should not be dismissed for his failure to keep the court apprised of his current address as directed in the court's March 23, 2015, order of procedure. Doc. 49. This order specifically advised Plaintiff this case could not proceed if his whereabouts remained unknown and cautioned him that his failure to comply with its directives would result in the dismissal of this complaint. *Id*. at 2. The postal service returned Plaintiff's copy of this order on February 8, 2017,

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties have consented to entry of final judgment by the United States Magistrate Judge.

marked as undeliverable.  As of the present date, Plaintiff has not responded to the court's show cause order nor provided the court with his current address.  The undersigned, therefore, concludes this case is due to be dismissed.[2]

The court has reviewed the file to determine whether a measure less drastic than dismissal is appropriate.  *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117-118 (11th Cir. 2007).  After such review, the court finds dismissal is the proper course of action.  In making this determination, the court notes Plaintiff has failed to provide the court with his current address as required by the orders entered in this case and  has also failed to show cause why this case should not be dismissed for such failure. The foregoing suggests that any further effort by the court to secure Plaintiff's compliance with its previous orders would be unavailing and reflects Plaintiff's lack of interest in the continued prosecution of this case. This case cannot properly proceed in Plaintiff's absence.

In light of the foregoing, which evidences willful delay and/or contempt by Plaintiff, the court concludes his failure to comply with the orders of this court and his apparent abandonment of this case warrant dismissal.  *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal,* 232 F. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for his failure to comply with court's prior order directing amendment and warning of consequences for failure to comply).

---

[2] Although under no obligation to do so, the court undertook a search of the inmate database maintained by the Alabama Department of Corrections. *Available at http://doc.state.al.us/InmateSearch*. This search indicated Plaintiff is no longer incarcerated within the state prison system.

2

A separate order follows.

Done this 13th day of February, 2017.

                                      /s/Charles S. Coody
                               CHARLES S. COODY
                               UNITED STATES MAGISTRATE JUDGE